THE AMERICAN TOBACCO COMPANY, INC., Respondent, v. HALLE-PERRIS TRADING CORPORATION, Defendant, Impleaded with EDWARD HUTH and Others, Copartners, Doing Business under the Firm Name and Style of HUTH & COMPANY, Appellants.

First Department, May 1, 1925

Principal and surety — action to recover on written guaranty of payment of purchase price of goods — guarantor agreed to pay in exchange for dock receipts approved by purchaser — part of goods were paid for by guarantor on direction of purchaser without approval of dock receipts — purchaser refused to approve dock receipts for remainder of goods — approval of dock receipts was condition precedent to liability of guarantor — complaint showing non-approval of dock receipts is insufficient — mere allegation of shipment of goods to purchaser not sufficient — waiver of condition not pleaded — payment on prior dock receipts on direction of purchaser without approval not waiver as to subsequent installments.

Liability on the part of a guarantor who guaranteed to pay the purchase price of goods in exchange for dock receipts approved by the purchaser is not shown by a complaint which alleges that a part of the goods were paid for under the guaranty on the direction of the purchaser without the approval of the dock receipts, and that as to the remainder of the goods, to recover the purchase price of which the action was brought, the purchaser refused to approve the dock receipts, for it is a condition precedent to the liability of the guarantor that the dock receipts should be approved by the purchaser, and without an allegation to that effect the complaint is insufficient; a mere allegation of a shipment of goods to the purchaser is not sufficient to supply the defect.

An allegation in the complaint that the seller performed the contract, except as prevented and excused therefrom by the purchaser and the guarantor, is not a plea of waiver of the condition that the dock receipts should be approved by the purchaser, but is an attempt to plead performance.

The payment by the guarantor of the purchase price of part of the goods at the direction of the purchaser without the approval of the dock receipts therefor, though it constituted a waiver of the approval of the dock receipts as to installments paid for, did not constitute a waiver of the condition as to subsequent installments.

MERRELL and MARTIN, JJ., dissent.

APPEAL by the defendants, Edward Huth and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of September, 1924, denying defendants' motion for judgment on the pleadings.

*Gleason, McLanahan, Merritt & Ingraham* [*H. Preston Coursen* of counsel], for the appellants.

*O'Brien, Boardman, Parker & Fox* [*Isidor Bregoff* of counsel], for the respondent.

FINCH, J.:

The complaint, in so far as material, in brief alleges a contract for the sale of certain merchandise by the plaintiff's assignors to the defendant Halle-Perris Trading Corporation, and that the defendants, appellants, Huth & Company, third parties, as brokers, guaranteed the payment of the purchase price of the goods under a certain writing, which is set forth in the bill of particulars furnished by the plaintiff, and reads as follows:

" NEW YORK, *September* 18, 1919.
" Messrs. MERLA & QUIROS,
          " Woolworth Building, City.

" DEAR SIRS.— In virtue of the credit which we have opened for account of Messrs. Halle-Perris Trading Corporation, 29 Broadway, of this city, we beg to confirm to you that under this credit we will pay you, in exchange for dock receipts approved of by Messrs. Halle-Perris Trading Corporation, and covering 25 million Varena cigarettes and 25 million Matoaka cigarettes up to the extent of, and not to exceed, $160,000 — (say One Hundred and Sixty thousand dollars).

" Kindly acknowledge receipt of this letter, and oblige,
                    " Dear Sirs,
                              " Yours truly,
                    " (signed)      HUTH & CO."

The complaint further alleges that the defendant Halle-Perris Trading Corporation agreed with plaintiff's assignors that upon shipment and delivery of the merchandise and the presentation of dock receipts covering the same, it would approve the dock receipts and pay the purchase price of the merchandise; that certain of the merchandise was delivered and paid for by the defendant under the aforesaid instrument; that the plaintiff's assignors duly delivered to the defendant Halle-Perris Trading Corporation the balance of the merchandise and tendered to them dock receipts and invoices covering the same and demanded the payment of the purchase price and the approval of the dock receipts, which demands the said Halle-Perris Trading Corporation refused to comply with, whereupon the plaintiff's assignors demanded payment from the defendants, appellants, Huth & Company in the form of the following letter:

" NEW YORK, *November* 21, 1919.
" Messrs. HUTH & Co.
      " 30 Pine Street,
            " New York City, N. Y.:

" GENTLEMEN.— Referring to your letter of September 18, 1919, addressed to Messrs. Merla & Quiros, we present to you certain

dock receipts for cigarettes delivered at Pier 61 for the account of Halle-Perris Trading Corporation. These dock receipts have been presented to the Halle-Perris Trading Corporation with a demand for approval. That approval was declined.

" We hold that the Halle-Perris Trading Corporation is not warranted or justified in declining their approval and we therefore demand from you Fifty-seven thousand dollars ($57,000) against the delivery of these dock receipts.

" Yours very truly,<br>
" (signed)          MERLA & QUIROS,<br>
" By B. A. QUIROS."

at the same time notifying the defendants, appellants, Huth & Company, of the due shipment and delivery of the merchandise to the defendant Halle-Perris Trading Corporation pursuant to their directions. The complaint further alleges that the defendants, appellants, Huth & Company have refused to perform their contract of guaranty or to make payments pursuant thereto, and alleges performance by plaintiff and its assignors " except as prevented and excused therefrom by defendants and each of them, as hereinabove more particularly set forth."

Under the aforesaid letter of the defendants, appellants, dated September 18, 1919, the defendants clearly undertook to pay " in exchange for dock receipts approved of by Messrs. Halle-Perris Trading Corporation." The approval of the Halle-Perris Trading Corporation, therefore, was a condition precedent to any obligation on the part of the defendants, appellants, to accept and pay for dock receipts. Not only does the complaint fail to allege such approval of the dock receipts tendered to the defendants, appellants, but it affirmatively appears from the complaint that the Halle-Perris Trading Corporation refused to approve the same.

The bare allegation that the goods had been shipped to the vendee is not sufficient in itself to create a cause of action against the defendants, appellants. The plaintiff, therefore, has failed to allege performance, and no waiver of performance is alleged. The allegation of performance " except as prevented and excused therefrom by defendants and each of them, as hereinabove more particularly set forth," obviously is not a plea of waiver, but an attempt to plead performance. It is not necessary, however, to construe said allegation since it is expressly limited by the allegation " as hereinabove more particularly set forth," which allegation does not attempt to plead a waiver of the right to insist upon the approval of dock receipts tendered in connection with a demand for payment, but simply that the Halle-Perris Trading Corporation refused approval.

The complaint does allege that the defendants, appellants, paid on dock receipts covering prior installments delivered under the contract without such dock receipts having been approved. It appears, however, that the vendee specifically authorized the defendants, appellants, to pay for such goods. But assuming that the complaint alleges a waiver of the approval of the dock receipts as to certain installments, such waiver would not extend to subsequent installments. (*Fuchs* v. *Saladino*, 133 App. Div. 710.)

By requiring the written approval of the Halle-Perris Trading Corporation, the defendant bankers were not requiring an idle ceremony but were avoiding all possibility of litigation, however futile, that the goods were up to the contract.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days after service of a copy of this order with notice of entry, upon payment of said costs.

CLARKE, P. J., and BURR, J., concur; MERRELL and MARTIN, JJ., dissent.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve amended complaint within twenty days on payment of said costs.